UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:14CV-357-JHM

WEST IP COMMUNICATIONS, INC.,
f/k/a SMOOTHSTONE IP
COMMUNICATIONS                                                          PLAINTIFF

VS.

UNIVERSAL FIDELITY, L.P.                                                DEFENDANT

# MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Universal Fidelity, L.P.'s, ("Universal") Motion to Dismiss or, in the Alternative, to Stay Proceedings Pending Arbitration [DN 10]. Fully briefed, this matter is ripe for review.

## I. BACKGROUND

This case arises out of a Service Agreement [DN 10-2] between Universal and West IP Communications, Inc. ("West IP"). The Service Agreement called for West IP to provide Universal with a cloud-based communication system and equipment necessary for the service. West IP claims that Universal terminated services prematurely in violation of the Service Agreement. As a result, West IP filed a complaint for breach of contract and unjust enrichment in Jefferson Circuit Court, which Universal subsequently removed.

Universal now seeks to have the Court dismiss the case or stay proceedings based on the dispute resolution provision contained in the Service Agreement. The relevant dispute resolution sections state as follows:

> 10.3 Arbitration. If a dispute cannot be resolved through mediation, the controversy shall be submitted to binding arbitration before the AAA and according to the AAA's then-current Rules of Commercial Arbitration. The

arbitration shall be heard by a single arbitrator appointed pursuant to the AAA's procedures. The filing fee for the arbitration shall be paid by the party filing the applicable Demand for Arbitration. All other costs and fees of the AAA and the arbitrator shall be shared equally by the parties. The arbitration shall be conducted in Louisville, Kentucky and shall be completed as soon as practical after the filing of the Demand for Arbitration. Except in those cases where Smoothstone is permitted to recover costs of collection as stated herein, each party shall bear its own costs of counsel and litigation costs incurred with respect to such arbitrations. Arbitrations are to be conducted on an individual basis and not as class actions. The award of the arbitrator may be reduced to judgment in any court of competent jurisdiction.

10.4 Collection Actions. Notwithstanding the foregoing, at Smoothstone's option, collection matters relating to monies owed by Customer may be resolved pursuant to the alternative dispute resolution procedures stated above or may be brought by Smoothstone directly in court in accordance with the forum selection clause above.

10.5 Actions for Preliminary Injunctive Relief. Notwithstanding the foregoing, either party may initiate litigation in accordance with the forum selection clause above to seek preliminary injunctive relief against the other party with respect to matters in which the filing party claims to be suffering immediate and irreparable injury. In such matters, once the court resolves the filing party's motion for preliminary injunction, the court action shall be stayed and the case litigated to fruition through arbitration as stated above.

[Service Agreement, DN 10-2, at 11]. Defendant contends that Plaintiff's Complaint must be dismissed and it must comply with the terms of the arbitration clause found in Section 10.3. In contrast, Plaintiff characterizes this action as one falling under Section 10.4 because its action is for money damages.

## II. ANALYSIS

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq.,* which generally applies to "a contract evidencing a transaction involving commerce to settle [a controversy] by arbitration," renders such arbitration agreements "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Court is to "examine arbitration language in a contract in light of the strong federal policy in favor of

arbitration, resolving any doubts as to the parties' intentions in favor of arbitration." Nestle Waters North America, Inc. v. Bollman, 505 F.3d 498, 503 (6th Cir. 2007). However, "the federal policy in favor of arbitration is not an absolute one." Id. at 504 (quoting Albert M. Higley Co. v. N/S Corp., 445 F.3d 861, 863 (6th Cir. 2006)) (internal quotations omitted).

In the present action, the parties primarily focus on the meaning of the phrase, "collection matters relating to monies owed" contained within Section 10.4 of the Service Agreement. West IP contends that the phrase lacks ambiguity because "it simply allows West IP to bring an action in court to recover monies owed by Universal Fidelity . . . ." [Pl.'s Resp., DN 11, at 5]. For West IP, the exception outlined in Section 10.4 provides it the option to either seek arbitration or file suit in any matter involving money. While Universal agrees with West IP that the phrase is clear, it concludes that the phrase "refers to amounts actually **owed** because the debt is undisputed . . . ." [Def.'s Reply, DN 12, at 2]. In other words, Universal argues that the exception only applies in narrow instances where the customer does not dispute how much it must pay West IP.

Basic contract law instructs that "[a]bsent an ambiguity in the contract, the parties' intentions must be discerned from the four corners of the instrument without resort to extrinsic evidence." Cantrell Supply, Inc. v. Liberty Mut. Ins. Co., 94 S.W.3d 381, 385 (Ky. Ct. App. 2002) (citations omitted). A contract contains ambiguities "if a reasonable person would find it susceptible to different or inconsistent interpretations." Id. "In determining a contract's plain meaning, the court is 'obligated to read the parts of the contract as a whole,' and when possible should embrace an interpretation that 'promote[s] harmony between . . . provisions.'" Nature Conservancy, Inc. v. Sims, 680 F.3d 672, 676 (6th Cir. 2012) (quoting L.K. Comstock & Co. v. Becon Constr. Co., 932 F.Supp. 948, 964 (E.D. Ky. 1994)). Based upon this standard, Universal

3

asserts West IP's interpretation of "monies owed" undermines the general provision in the Service Agreement requiring parties to arbitrate controversies. According to Universal, almost any dispute that could possibly arise under the Service Agreement would involve fees or monetary damages. Thus, West IP's interpretation would leave Section 10.3 meaningless. Simply put, the exception would swallow the rule.

The Court agrees with Universal's interpretation. The exception uses the phrase "monies owed" not "monies owed if we are able to prove our breach of contract claim." In other words, this is not a collection action but an action for breach of contract, or, alternatively, unjust enrichment. There are no "monies owed" at the present time. There will be no "monies owed" unless and until West IP prevails on the claims asserted in this action—claims which they agreed to arbitrate. Therefore, the Court orders the parties arbitrate their claims pursuant to the terms of the Service Agreement.

Finally, Universal asks the Court to dismiss, or in the alternative, stay proceedings on West IP's claim. "[T]he Federal Arbitration Act (FAA) provides for a stay of proceedings when an issue is referable to arbitration and for orders compelling arbitration when one party has failed or refused to comply with an arbitration agreement." Javitch v. First Union Securities, Inc., 315 F.3d 619, 624 (6th Cir. 2003) (citing 9 U.S.C. §§ 3, 4). The FAA does not explicitly preclude a Court from dismissing an action where the claims have been referred to arbitration. In fact, the Sixth Circuit has taken the position that "litigation in which all claims are referred to arbitration may be dismissed." Hensel v. Cargill, Inc., No. 99–3199, 1999 WL 993775, at *4 (6th Cir. Oct. 19, 1999); see also Green v. Ameritech Corp., 200 F.3d 967, 973 (6th Cir. 2000) (quoting Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161 (5th Cir. 1992)) ("The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted

to arbitration."). In dismissing Plaintiff's Complaint, the Court will do so *without* prejudice. Nestle Waters North America Inc. v. Bollman, 106-CV-577, 2006 WL 3690804 (W.D. Mich. Dec. 12, 2006) aff'd, 505 F.3d 498 (6th Cir. 2007) ("Most district courts in this circuit agree that the best procedure for enforcing arbitration agreements is to dismiss the court action without prejudice."); see also Sellers v. Macy's Retail Holdings, Inc., 2:12-CV-02496-SHL, 2014 WL 2826119 (W.D. Tenn. June 23, 2014).

### III. CONCLUSION

For the foregoing reasons, Defendant Universal Fidelity, L.P.'s, Motion to Dismiss or, in the Alternative, to Stay Proceedings Pending Arbitration [DN 10] is **GRANTED** in part and **DENIED** in part. It is **GRANTED** as to compelling arbitration and dismissing Plaintiff's Complaint. It is **DENIED** as to Defendant's request to stay proceedings.

cc: counsel of record

*Joseph H. McKinley*
**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

September 8, 2014